

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-41,486-02

### EX PARTE JASON ISAIAH ROBINSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 45401-B IN THE 27TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment with the possibility of parole. The Third Court of Appeals affirmed his conviction. *Robinson v. State*, No. 03-95-00559-CR (Tex. App.—Austin May 29, 1996).

Applicant raises two claims of cruel and unusual punishment and one claim that the certification documents to transfer him from juvenile to adult court were legally insufficient. He has already filed an 11.07 habeas application attacking this conviction, therefore he needs to overcome

the bar on subsequent applications to have his grounds addressed by this Court. TEX. CODE CRIM. PRO. ART. 11.07 §4. He argues that recent cases allow him to overcome the bar on subsequent applications.

His cruel and unusual punishment grounds rely on the Supreme Court's cases, *Miller v. Alabama*[1] and *Montgomery v. Louisiana*[2]. However, these cases apply to juvenile offenders who were given a sentence of life without parole. Applicant was given a sentence of life with parole. Regarding an applicant's burden of proof in Section 4 cases, the Court has held that in order to satisfy art. 11.07, § 4(a)(1), an applicant must not only establish that a new legal basis for relief exists that was unavailable at the time of his original habeas application, but also that the facts he alleges are at least minimally sufficient to bring him within the ambit of that new legal basis for relief. *Ex parte Oranday-Garcia*, 410 S.W.3d 865 (Tex. Crim. App. 2013). Applicant does not show that the cases he relies on apply to his punishment, therefore he does not overcome his burden under §4.

Applicant relies on this Court's decision in *Moon v. State*[3] for his juvenile certification ground. This Court has recently decided a case directly related to raising the sufficiency of a certification in a subsequent application. *Ex parte Navarro*, WR-82,264-03 __ S.W. 3d. __ (Tex. Crim. App. Jan. 10, 2018). The Court held that Navarro could not overcome the §4 bar on subsequent applications based on this Court's decision in *Moon* because he could have reasonably formulated the legal insufficiency ground based on prior court opinions.

---

[1] 467 U.S. 460 (2012).

[2] 577 US __ (2016); 136 S.Ct. 718 (2016).

[3] 451 S.W.3d 28 (Tex. Crim. App. 2014).

Because Applicant has not overcome his burden regarding subsequent applications, this Court dismisses this application. TEX. CODE CRIM. PRO. Art. 11.07 §4.

Filed: March 21, 2018
Do not publish